**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **INGA KARALIUTE** <br> 118 Truth Way <br> Martinsburg, WV 25405 <br> *Plaintiff* <br><br> v. <br><br> **DECLERCQ, INC.,** <br> DBA: Community Landscape Services <br> 24388 Stone Springs Boulevard, <br> Sterling, VA 20166 <br>     Registered Office: <br>     12966 Highland Oaks Ct <br>     Fairfax, VA, 22033 <br><br> And <br><br> **DeWITT SERVICES, INC.,** <br> DBA: Community Landscape Services <br> 24388 Stone Springs Boulevard, <br> Sterling, VA 20166 <br>     Registered Office: <br>     12966 Highland Oaks Ct <br>     Fairfax, VA, 22033 <br><br> *Defendants* <br><br>     **Serve**: <br>     Joan C. McKenna <br>     O'Hagan Meyer <br>     411 E. Franklin St., Suite 500 <br>     Richmond, VA 23219 <br>     Counsel for Defendants | **Civil Action No. _____** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW the Plaintiff, Inga Karaliute, by and through undersigned Counsel, and states as

follows as its Complaint against Defendants DECLERCQ, Inc. and DeWitt Services, Inc.

1

(Defendants) collectively referenced as "Community Landscape Services" for violations of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act:

## Parties

1. Inga Karaliute is a permanent legal resident of the United States and was formerly a resident of the Commonwealth of Virginia, now residing in the State of West Virginia. Ms. Karaliute was an "employee" of Community Landscape Services, as defined by 42 U.S.C. §2000e(f), from September of 2016 to the summer of 2019.

2. Upon information and belief, Community Landscape Services is the business name of a corporation engaged in commerce in Virginia and Maryland with a principal office address of 24388 Stone Springs Boulevard, Sterling, VA 20166.

   a. This entity is either the business name of the Virginia Corporation "DECLERCQ, INC.," SC ID: 02253649 with a registered office of 12966 HIGHLAND OAKS CT, FAIRFAX, VA, 22033, whose president is Bill Baker DeWitt and whose Treasurer/Secretary is Michelle DeWitt, or it is the business name of the Virginia Corporation "DeWITT SERVICES, INC.," SC ID: 07257793, also with a registered office of 12966 HIGHLAND OAKS CT, FAIRFAX, VA, 22033, whose directors are Bill B. DeWitt and Michelle W. DeWitt. It is a "person" and "employer" as defined by 41 USC. §2000e(a) and (b). This organization is hereafter referenced by its public business name, "Community Landscape Services."

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331 as a federal question, as a violation of 42 U.S.C. §2000-e(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391, as the defendants are residents of the Commonwealth of Virginia in the Eastern District.

## Procedural History

5. On October 10, 2019, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), marked as case number 570-2020-00112.

6. On August 17, 2020, the EEOC issued the Notice of Right to Sue to Inga Karaliute, allowing this Court to exercise jurisdiction. (See Exhibit A -Notice of Right to Sue)

7. Inga Karaliute was employed with Community Landscape Services, Inc. as a landscape and hardscape specialist. She began her employment as an hourly employee in 2017.

8. In March of 2018, her superior Jim O'Connell changed Ms. Karaliute's position to "Supervisor" due to her positive contribution to the company.

9. As a result of this change, Ms. Karaliute's hourly-based full-time yearly total of $33,280.00 was changed to a salaried rate of $37,440.00 per year. Also included in the change were seven (7) vacation days, three "CLS-Days" (paid time off), and five holidays each year.

10. Ms. Karaliute's work ethic, competence, and abilities were never challenged or questioned during this time.

11. In December of 2018, Inga Karaliute and her husband Arminas Menges learned that she was pregnant.

12. In late February of 2019, Inga Karaliute informed Defendant of her pregnancy through her then-supervisor, Jim O'Connell, who informed the owner of the Defendant company, Bill DeWitt.

13. Bill DeWitt, through Jim O'Connell, asked Inga Karaliute what she would like to do in light of her pregnancy. She informed Defendant that she would like to continue working in the same position for as long as possible. Ms. Karaliute had no pregnancy complications or serious illness, and she continued to be able to complete all of her job requirements.

14. Soon after this, Jim O'Connell left his employment at Defendant for unknown reasons. He was replaced by a new immediate superior to Inga Karaliute, Randy Gore.

15. At this time, Plaintiff was given a paid vacation by Mr. Bill DeWitt, even though no such vacation was requested. Plaintiff accepted the offer, and did not come to work for the week of March 22, 2019 to Friday March 29, 2019.

16. When Ms. Karaliute returned to work at Community Landscape Services, she was told that she would no longer be a supervisor, because there was not enough work.

17. The justification of Ms. Karaliute's removal from her supervisor position due to there not being enough work was not the truth.

18. On information and belief, the real reason for Ms. Karaliute's removal from her supervisor position was due to the effect on her work productivity that Plaintiff believed would result from her pregnancy.

19. Additionally and/or alternatively, the reason for Ms. Karaliute's removal from her supervisor position was the lack of desire for Ms. Karaliute to use her sick leave, her vacation days, or for Community Landscape Services to be obligated by the Family and Medical Leave Act to offer Ms. Karaliute her job back after taking her guaranteed family leave.

20. On the same day that Ms. Karaliute was told she was no longer a supervisor, Ms. Karaliute found a printed leaflet in the common area for CLS employees that said in English and in Spanish:

> *Attention all Community Landscape Employees:*
>
> *CLS is offering a $250 bonus to employees that recruit qualified personnel to fill vacancies at CLS. We need experienced mowing crew members and experienced landscape and hardscape personnel. Once the new person works for 30 consecutive scheduled days, the bonus will be paid to the employee responsible for the recruiting.*
>
> *If you have friends or family that want to join our great team, please have them contact Raul Perdomo at (703) [Redacted], Paul Gallahan at (703) [Redacted] or Randy Gore at (571) [Redacted].*
>
> *We have openings at the nursery location in Haymarket for people that live in the Manassas area, openings in Alexandria and our main office on Stone Springs Blvd for people living in Herndon or in that area.*
>
> *Thank you for your help.*

A photocopy of this document is attached as Exhibit B.

21. Additionally, The Farm Brewery at Broad Run, a business with ties to Defendant, made a post that said the following on April 1, 2019 at 9:10am:

> *Brewery friends, if you know someone looking for a career in landscaping field, Community Landscape Services has openings for supervisors and laborers. We also need one experienced hardscape supervisor that is very creative. Please send resumes to Randy Gore, rgore@community-landscape.com*
>
> *Thanks and see you soon.*

A copy of this post is attached as Exhibit C.

22. Additionally, on June 28, 2019, the Community Landscape Services webpage posted an advertisement for a "Landscape Enhancement Supervisor" and "Landscape Production Manager" with job responsibilities similar to the position Ms. Karaliute held.

## Constructive Discharge

23. Even after Ms. Karaliute was told there was not enough work for her to be a supervisor, she continued to work for Community Landscape Services as an hourly employee.

5

24. Despite being a non-salaried hourly employee who no longer held the title of "supervisor," Ms. Karaliute was tasked with supervisory responsibilities over new employees with Community Landscape Services.

25. Despite these continued supervisory responsibilities, in a change from her previous work before she shared the news of her pregnancy with the Defendant, Ms. Karaliute was given menial and unpleasant jobs.

26. For example, the menial and unpleasant jobs include the following:

   a. Before telling Community Landscape Services of her pregnancy, Ms. Karaliute was a supervisor within the Landscaping division. After telling them, she was reassigned as an hourly employee in the "Watering division," whose responsibilities were watering plants.

   b. Before telling Community Landscape Services of her pregnancy, Ms. Karaliute had the authority to direct a small group of workers to complete the necessary tasks to keep up the properties that were managed by Community Lanscape Services. After telling her supervisor, she was personally tasked with jobs like cleaning up manure and chicken coops in farm properties.

27. These actions were done, either in whole or in part, with the goal to frustrate Ms. Karaliute into leaving the company voluntarily rather than attract the attention and expense of firing Ms. Karaliute.

28. Ms. Karaliute did eventually leave her job due to her treatment by Defendant. Though her pregnancy was the immediate reason for the end of her working relationship, the wrongful treatment she received at the business prevented Ms. Karaliute seeking work at her

previous employer, due to the treatment she had received in the past, and the knowledge that she had not been treated fairly.

29. The unjust and dishonest demotion of Ms. Karaliute, as well as the menial and unpleasant conditions of her new duties, as well as the discrimination Ms. Karaliute faced because of her sex amounted to an intolerable work environment.

### Discriminatory Intent

30. Contrary to the false claims that her demotion was due to the lack of work, the true reason for Plaintiff's demotion and treatment was her sex and the fact of her pregnancy.

31. This discrimination was intentional and done with full knowledge of both the fact of Ms. Karaliute's pregnancy and the requirements of the law not to discriminate on the basis of sex, which includes pregnancy.

32. By demoting Ms. Karaliute from a salaried position to hourly, Plaintiff was deprived of a higher pay-rate, her vacation days, her salaried compensation, her holidays, and the other benefits of her position.

33. Community Landscaping Services, Inc. deprived Ms. Karaliute of her rights with the full knowledge that its actions violated or could violate federal law. As such, Community Landscaping Services engaged in intentional discrimination.

34. Ms. Karaliute has expended attorney's fees in this matter and is entitled to receive compensation for these expenses.

35. By constructively discharging Ms. Karaliute due to her pregnancy, Plaintiff was deprived of her ability to exercise her rights under the Family and Medical Leave Act.

### Count I – Violation of 42 U.S.C. §2000e-2 – Discrimination Based on "Sex"

36. The previous paragraphs are incorporated into this section by reference.

37. The United States Code at 42 U.S.C. §2000e-2 states:

> It shall be an unlawful employment practice for an employer—
> (1) to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . .; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of . . . sex, . . .

38. Plaintiff is a member of the protected class as a woman who was pregnant at the time of her employment.

39. Defendant engaged in unlawful discrimination of Plaintiff regarding the compensation, terms, conditions, and privilege of employment because of her sex.

40. Plaintiff was meeting her job expectations and there were no issues of job performance or lack of work before she informed Defendant of her pregnancy.

41. Defendant has adversely affected Plaintiff's status as an employee because of her sex, and Defendant damaged her professional reputation in future work positions by wrongfully changing her employment status and responsibilities.

42. As is clear from the advertisements and bonuses provided for a referral for new workers, Defendant left Plaintiff's position open as it searched for separate individuals to fill her spot.

43. The Plaintiff is entitled to compensatory relief, equitable relief, and back-pay, as well as punitive damages and attorney's fees.

### Count II – Violation of 29 U.S.C. § 2615 – Family and Medical Leave Act

44. The previous paragraphs are incorporated into this section by reference.

45. The United States Code at 29 U.S.C. § 2615 states:

> "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

8

46. Inga Karaliute is an "eligible employee" as defined by 29 U.S.C. §2611(A).

47. Inga Karaliute is entitled to the protections of unpaid leave under the Family and Medical Leave Act at 29 U.S.C. § 2611 et. seq.

48. Plaintiff engaged in a protected activity by informing her employer that she was pregnant, and that she intended to work in the same position "for as long as possible," which is protected by the Family and Medical Leave Act's leave requirements and the guarantee of reinstatement into her position after taking advantage of this leave.

49. By constructively discharging Inga Karaliute, Defendant has interfered with, restrained and/or denied Plaintiff the rights provided to her under this act, constituting an adverse action against her.

50. Plaintiff's protected activity was causally connected to her protected activity, as evidenced by the timeline of informing Defendant of her pregnancy and her demotion soon thereafter.

51. The Plaintiff is entitled to compensatory relief, equitable relief, and back-pay as well as costs and attorney's fees by 29 U.S.C. § 2617.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant and award judgment against Defendant in the amounts of:

A) **Compensatory and equitable relief in the amount of $40,000**, and

B) **Punitive damages in the amount of $30,000** or any amount that a jury shall determine is appropriate, and

C) **Costs and attorney's fees**, in an amount to be proven at trial, and

      D) all other such legal damages and equitable relief that the Court shall deem proper.

Respectfully Submitted,
Inga Karaliute, Plaintiff


By:          /s/  J. Caleb Jones

    Counsel
    J. Caleb Jones, Esq. (VSB# 89301)
    H. Robert Showers, Esq. (VSB# 34799)
    *Simms Showers, LLP*
    305 Harrison Street, S.E.
    Leesburg, VA 20175
    T:    703-771-4671
    F:    703-771-4681
    *Counsel for the Plaintiff, Inga Karaliute*

Attachments:
    Exhibit A – Notice of Right to Sue
    Exhibit B – Evidence of Discrimination: Paper Advertisement Seeking Referrals
    Exhibit C – Evidence of Discrimination: Facebook Post for New Workers